IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STAFFORD L. BURLISON                                             PLAINTIFF

V.                                NO. 12-2139

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Stafford L. Burlison, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed his application for child's insurance benefits based on disability on October 29, 2009, and protectively filed an application for SSI on October 23, 2009, alleging disability beginning August 25, 2006, due to "Slow learner hypertension disorder heart condition, speech problems." (Tr. 11, 143-149, 167, 171).  An administrative hearing was held on November 9, 2010, at which Plaintiff appeared with counsel and he and his friend and half-brother testified. (Tr. 27-84).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

By written decision dated February 15, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mild mental retardation. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember, and carry out simple, routine, and repetitive tasks wherein complexity of tasks is learned and performed by rote. He can respond appropriately to supervision that is simple, direct, and concrete, to co-workers, and to usual work situations, but can have no contact with the general public.

(Tr. 16).  With the help of a vocational expert (VE), the ALJ determined that Plaintiff had no past relevant work, but that there were jobs Plaintiff would be able to perform, such as bench assembler, laundry worker, and poultry eviscerator. (Tr. 20). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 26, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

The Court is concerned about the ALJ's RFC determination.  As early as January 9, 2004, Leonard Hester, M.A., a licensed psychological examiner, reported that Plaintiff was in the mentally deficient range of intelligence, and that he was in need of assistance through special services because of his significantly below average ability level. (Tr. 289).  On August 24, 2004, Dr. Michele Moss, of UAMS College of Medicine, indicated that Plaintiff had a diagnosis of ADHD but was not on any medications.  (Tr. 296).  On November 8, 2007, Dr. Van Hoang conducted a General Physical Examination and concluded that Plaintiff had moderate mental limitations. (Tr. 425). On November 13, 2007, Dr. Robert L. Spray, Jr., Ph.D. PA, Psychologist, reported that Plaintiff may have difficulty persisting in a job situation if he finds the task too challenging, and that he would anticipate him having difficulty completing work-like tasks in a timely manner in a job setting.  (Tr. 232).

On  September  20,  2010,  Joyce  Rye,  B.S.,  Ed. - Qualified  Mental  Retardation Professional, Developmental Disability Program Coordinator, reported that Plaintiff's personal care skills were established and practiced with verbal prompting, counseling the benefits of

cleanliness, and daily reminders; that he required assistance to shop and purchase food items, to store food items and to prepare simple foods; that he needed assistance to schedule medical and dental appointments and would need assistance in the administration of medications because he would have difficulty remembering if he took the daily dose and may take a repeated dose; and that he would benefit from a "highly supervised sheltered workshop employment." (Tr. 291-293). She also reported that Plaintiff was easily distracted and would be at risk for injury if not supervised. (Tr. 292). With respect to Ms. Rye's opinion, the ALJ merely stated that the limitations assessed by Ms. Rye in her evaluation "do not preclude the performance of unskilled work performed by rote with simple, direct, concrete supervision," and that her assessment of Plaintiff's limitations in activities of daily living appeared to be "somewhat excessive given his active lifestyle." (Tr. 19).

At the hearing before the ALJ on November 9, 2010, Ken Woods, a friend of Plaintiff, testified that he had known Plaintiff for around four years, and had seen him about every day. (Tr. 67). He testified that one had to watch Plaintiff when he was driving because he was very dangerous if you did not watch him. He stated that you could put him to work doing something, and if you were not with him, and someone else called him, he would take off. (Tr. 67). He stated that Plaintiff would try to work, but would just get distracted, and that he could not work very long when he was unsupervised. He testified that he tried to show Plaintiff how to fry eggs and bacon, and he could not do it. (Tr. 68). Mr. Woods also testified that Plaintiff did work a little while for a cabinetmaker, and they let him go because of the machinery - he would hurt himself with the machinery. (Tr. 70).

Larry Burlison, Plaintiff's half-brother, testified that Plaintiff had lived with him and his

-5-

wife for a while and then moved out. (Tr. 71). He stated that they would try to get him to do the things that he needed to do to get by, such as brushing his teeth, taking a bath, or coming in at the appropriate time, and he would not do it at all unless you just made him. (Tr. 71). He stated that Plaintiff did not listen to things that you needed him to do just to get by on a daily basis. (Tr. 72). Mr. Burlison testified that when Plaintiff was going to school, they would pick him up and he would go to a pile of dirty clothes and dig out the cleanest one and wear it. He stated that Plaintiff's hygiene was awful. (Tr. 73). He stated that when Plaintiff tried to use the riding mower, he would tear it up, because when he was riding the mower, he would be distracted by something and drive into a fence or car. (Tr. 74). Mr. Burlison testified that Plaintiff was incapable of living on his own or carrying on normal daily activities, although he was very willing. (Tr. 78).

In his RFC, the ALJ found that Plaintiff could perform a full range of work at all exertional levels except it must be at the unskilled level. (Tr. 16). No other limitations were contained in the ALJ's RFC assessment. The ALJ also stated that the testimony of both witnesses supported Plaintiff's subjective complaints and also supported the finding that Plaintiff was incapable of greater than unskilled work with simple, direct, concrete supervision. (Tr. 19-20). However, the Court believes the ALJ's RFC assessment does not include the fact that because of Plaintiff's mental retardation, Plaintiff's pace may be slow or hampered, or include any limitations with respect to hazards of machinery or driving, even though there was testimony that after Plaintiff obtained his driver's license after five attempts, he had five car wrecks. (Tr. 47). Instead, the ALJ found that the testimony of Mr. Woods and Mr. Burlison "supports the claimant's subjective complaints and also supports the finding that the claimant is incapable of

AO72A
(Rev. 8/82)

greater than unskilled work with simple, direct, concrete supervision." (Tr. 19-20).

In conclusion, the Court believes the ALJ's RFC assessment is insufficient because it fails to include limitations that are supported by both the medical evidence and the testimonial evidence. Therefore, the Court finds that this matter should be reversed and remanded in order for the ALJ to reconsider his RFC assessment and to include in his hypothetical question to the VE the additional limitations mentioned above as well as any other limitations warranted by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 27th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-