IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STAFFORD L. BURLISON                                                                         PLAINTIFF

V.                                             NO. 12-2139

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

### O R D E R

Plaintiff, Stafford L. Burlison, appealed the Commissioner's denial of benefits to this Court. On August 27, 2013, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 16). Plaintiff now moves for an award of $5,022.00 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 27.90 attorney hours of work performed before the Court in 2012 and 2013, at an hourly rate of $180.00. (Doc. 17-1). Defendant has filed a response, stating that she does not oppose the requested hourly rate sought, but does object to the excessive number of hours Plaintiff's counsel is requesting. (Doc. 20).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $180.00 for 27.90 hours, which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI-South - Urban in support of her requested hourly rate.  The Court finds that the CPI -South index supports an award based upon an hourly rate of $180.00.[1]  See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged she spent in this matter.

Defendant objects to certain requests for compensation for similar tasks performed at the administrative level, such as:

| | | |
|---|---|---|
| 5/7/12 | Receipt and review of AC denial dated 7/28/2000; diaried and calendered complaint date and added federal litigation checklist to case in database; Memorandum to file regarding specific appeals points for federal district court complaint | 1.00 |

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469  x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 -  223.109 x 125 divided by 152.4 (March 1996 CPI-South) = 182.99/hour - $183.00.

AO72A
(Rev. 8/82)

| | | |
|---|---|---|
| 5/17/12 | Lost letter correspondence to client explaining the Appeals Council Order and denial of review after review of medical evidence; various federal appeal rights. | .50 |

Time spent at the administrative level is not compensable under the EAJA. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). While it appears that some time may have been spent in preparation for the district court case, as Plaintiff did not break down those specific amounts, the Court will not speculate, and concludes that the entries listed above constitute work done at the administrative level. Accordingly, the Court recommends 1.50 hour be deducted.

Defendant objects to certain tasks listed, arguing they are clerical in nature. The Court has reviewed the list and finds the following items are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA).

| | | |
|---|---|---|
| 6/29/12 | IFP Order and summons to Astrue, Holder, and U.S. Attorney | .10 |
| 7/13/12 | CM/ECF test only memo of reassignment to Hon. Erin Setser; reviewed and routed for Database | .10 |
| 8/17/12 | Reviewed and signed SOPs; file review; brief Memo to file | .10 |
| 9/2/12 | Received green card Astrue back regarding SOP; Instructions to paralegal regarding Affidavits of Service | .05 |
| 9/2/12 | Received green card Holder back regarding SOP; Instructions to paralegal regarding Affidavits of | |

| | | |
|---|---|---|
| | Service | .05 |
| 9/3/12 | Received green card US Atty; instructions to paralegal regarding Affidavits of Service; memo | .05 |
| 9/14/12 | Receipt and review and routing of consent CM/ECF Email; instructions to new staff; and database memo | .10 |
| 10/22/12 | CM/ECF emails; review of text only scheduling order; instructions to staff; coincidental client call for update in afternoon; return call | .50 |
| 1/14/13 | Can't find notes on phone call re agreeing to extension but assume there was a call; there are CM/ECF emails regarding motion for extension of time; memo to database and e-folder in f:/work; Order granting motion extension of time; emails. | .50 |
| 1/23/13 | Defendant Appeal Brief; can't find the download in our electronic file so not charging for the review; email only and database memo | .10 |

The Court therefore recommends that 1.65 hours be deducted.

The Court notes that Plaintiff's counsel seeks compensation for 2.00 hours of time spent in preparation of her EAJA motion, brief, and itemization, and client letter. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court therefore recommends that 1 hour be deducted.

Based upon the foregoing, the Court hereby recommends that Plaintiff's counsel be awarded attorney's fees under the EAJA for: 23.75 hours ( 27.90 hours less 4.15 hours) at an hourly rate of $180.00 for work performed in 2012 and 2013, for a total award of $4,275.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff

AO72A
(Rev. 8/82)

may be awarded in the future.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 18th day of December, 2013.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE